PEATROSS, J.
|2Pefendant, Vidalia Gant, was charged with one count of aggravated battery and, after a bench trial, was convicted as charged. The trial judge sentenced Defendant to four years at hard labor with credit for time served. Defendant now appeals. For the reasons stated herein, Defendant’s conviction and sentence are affirmed.

FACTS

On March 3, 2008, Donald Jackson was standing outside his place of employment, Davis Garage in Caddo Parish, with his friend, George Johnson, when Defendant entered the garage. Jackson knew her as someone who lived in the neighborhood. There was some short conversation in which Defendant asked Jackson for a cigarette, but he refused to give her one. Moments later, Defendant grabbed a sharp object, stabbed Jackson in the behest and then fled the scene. Johnson witnessed the stabbing and told the owner of the garage to call “911.”
When emergency responders arrived, Jackson was taken to the hospital where it was determined that his heart had been pierced, which necessitated surgery. Jackson remained in critical condition for several days and spent approximately one week in the hospital, but ultimately survived.
During the time in which Jackson was being transported to the hospital by paramedics, officers of the Shreveport Police Department arrived at the scene and searched the area around the garage, but were unable to find a weapon. Pursuant, however, to information provided in a statement by Johnson, officers searched an area behind the garage and found Defendant in a residence. Defendant was then taken back to the garage and Johnson identified her as the person who had stabbed Jackson.
Defendant was charged in a bill of information with the aggravated battery of Donald Jackson, in violation of La. R.S. 14:34. Defendant was arraigned on April 8, 2008. On May 11, 2009, Defendant appeared with her court-appointed attorney who indicated that Defendant had chosen to waive her right to a jury trial. The trial judge then asked Defendant if she had spoken to her attorney regarding the advantages and disadvantages of |4waiving her right to a jury trial and Defendant responded that she had not. The trial judge then called a brief recess to allow Defendant time to discuss the matter with her attorney.
After the recess ended, the matter was resumed and defense counsel again indicated that Defendant wanted to waive her right to a jury trial. The trial judge again questioned Defendant to determine if she had spoken to her attorney and understood the consequences of waiving a jury trial. Defendant responded that she had spoken to her attorney and understood the consequences of the waiver. The trial judge then asked Defendant if she wanted a judge to decide her case rather than a jury and she answered, “Yes, sir.” The trial judge further inquired whether Defendant understood that, if the trial judge were to say or do something during the trial that Defendant did not agree with, she would not be able to change her mind and then request a jury trial. Defendant responded that she understood. Based on this discourse with Defendant, the trial judge determined that Defendant had knowingly and intelligently waived her right to a jury trial.
As previously mentioned, trial was held on November 16, 2009, and Defendant was then found guilty as charged of aggravated battery in violation of La. R.S. 14:34. De *315 fendant moved for a post-verdict judgment of acquittal on the grounds of sufficiency of the evidence and the trial judge ^denied the motion. On December 21, 2009, Defendant was sentenced to four years at hard labor with credit for time served.
Defendant filed the instant appeal, raising as her sole assignment of error that the record did not reflect that she had knowingly and intelligently waived her right to trial by jury. The original record included only the minutes of the May 11, 2009 hearing, but did not include a copy of the transcript. The State subsequently requested that the record be supplemented with the transcript of the May 11, 2009 hearing; and, on August 12, 2010, the record was supplemented accordingly.

DISCUSSION

Assignment of Error Number One (verbatim): There is no indication that Defendant validly waived her right to a jury trial.
When this matter was assigned to appellate counsel, the record contained only the minute entries for the May 2009 hearing in which Defendant waived her right to jury trial. As a result, Defendant argued that the record did not contain evidence supporting the State’s contention that Defendant knowingly and intelligently waived her right to a jury trial. Defendant prayed, therefore, that her conviction be set aside and the matter remanded for a new trial since a waiver of the right to a jury trial must be supported by evidence in the record. Defendant prayed in the alternative | fithat the matter be remanded for the trial judge to hold an evidentiary hearing on the issue of whether there was a valid waiver obtained.
After receipt of Defendant’s appellate brief, the State filed a motion to supplement the appellate record with the transcript of the hearing held on May 11, 2009. The State contends that the transcript reveals that the trial judge held a recess in order to give Defendant an opportunity to speak with her attorney about the consequences of the waiver. After Defendant had spoken with her attorney, she testified that she understood the consequences of the waiver; and, after further explanation by the trial judge, she then waived the right in open court. The State concludes that, on these grounds, Defendant’s waiver was knowing and intelligent. We agree.
The U.S. Constitution guarantees the criminally accused the right to a jury trial. U.S. Const. Amend. VI. Article I, § 17, of the Louisiana Constitution provides that crimes punishable by more than six months in prison must be tried by jury except when, in noncapital cases, the defendant knowingly and intelligently waives his or her right to a jury trial. La. Const. Art. I, § 17.
La. R.S. 14:34 provides:
Aggravated battery is a battery committed with a dangerous weapon.
17Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.
La. C. Cr. P. art. 780 provides:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exer *316 cise his right to waive trial by jury at any time prior to the commencement of trial.
C. The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state.
The importance attached to the right to a jury trial requires a trial judge to exercise great care in allowing a defendant to waive the right. U.S. Const. Amend. VI; La. Const. Art. 1, §§ 16, 17; State v. Kahey, 436 So.2d 475 (La.1983). In State v. Richardson, 39,456 (La.App.2d Cir.3/2/05), 896 So.2d 257, writ denied, 05-0845 (La.11/29/05), 916 So.2d 165, cert. denied, 547 U.S. 1135, 126 S.Ct. 2032, 164 L.Ed.2d 791 (2006), this Court Rfound that a valid waiver occurred where the transcript reflected that the trial judge personally advised the defendant on the record of his right to a jury trial, which the defendant waived by an oral statement on the record in open court.
In the case sub judice, the State had the record supplemented with the transcript of the hearing held on May 11, 2009. The transcript revealed that the trial judge asked Defendant if her attorney had spoken to her about the consequences of waiving her right to a jury trial and that she answered that she had not. The trial judge immediately called a brief recess so Defendant could discuss the matter with her attorney. When the case was resumed, the trial judge asked Defendant again if she understood the consequences of waiving her right to a jury trial. Defendant answered that she understood. The trial judge further expounded on the consequences of Defendant’s waiver and asked her after doing so if she wanted to waive her right to a jury trial. Defendant answered affirmatively. Only at this point during the hearing did the trial judge conclude that Defendant had knowingly and intelligently waived her right to a jury trial.
This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Vidalia Gant, are affirmed.
IflAFFIRMED.